IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAUREEN PATTERSON-MONTGOMERY,

    Plaintiff,

v.                                  No. CIV 01-444 WJ/DJS

THE CITY OF ALBUQUERQUE, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT CITY OF ALBUQUERQUE'S MOTION
FOR SUMMARY JUDGMENT ON MEDICAL ISSUES**

THIS MATTER comes before the Court pursuant to Defendant City of Albuquerque's Motion for Summary Judgment on Medical Issues [Docket No. 110]. Having reviewed the motion and submissions of parties, the Court finds the motion is well taken and shall be granted.

**BACKGROUND**

Plaintiff alleges that on April 25, 2000, she was bitten by Bart, a police service dog handled by Officer Lehocky. Following the bite, Plaintiff was arrested. Prior to being transported to jail, Plaintiff was taken to St. Joseph Hospital for treatment of the dog bite. At the hospital, Plaintiff's wounds were treated and she was given pain medication and antibiotics. Plaintiff was then transported to Bernalillo County Detention Center (BCDC).

Within hours of being booked on April 25, 2000, Plaintiff was taken to the medical department at BCDC where her wound was again checked and redressed. Plaintiff was, at that time, given additional pain medication. Plaintiff claims she was given no medical treatment, no

antibiotics, and no pain medication on April 26. On April 27, at 2:00 a.m., Plaintiff was taken to the medical unit where her bandages were replaced. She was also given Motrin at that time. Plaintiff and Defendant City disagree on what medications Plaintiff received between this April 27 visit to the medical unit and Plaintiff's discharge on April 30. Plaintiff acknowledges she received some pills twice on the 27th and denies receiving any medication after that. Defendant City represents that BCDC records show Plaintiff received medications on these dates.

Plaintiff states that her arm was green, smelled of rotten meat, and had pus coming out of the wounds at the time she was released from BCDC on April 30, 2000. Plaintiff went home with her mother to Jemez Springs, New Mexico. Although Plaintiff changed her dressings after her discharge, Plaintiff did not seek medical treatment for her arm for several days after her discharge from BCDC.

Defendant's motion argues that the City is entitled to summary judgment on the Section 1983 claims because Plaintiff's constitutional rights were not violated under either the United States or State of New Mexico constitutions. The City further argues that it is entitled to summary judgment for the Section 1983 claims because Plaintiff has failed to show that any policy or custom of the City was responsible for the alleged constitutional violations.

**LEGAL STANDARD**

Summary Judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The burden of showing an absence of a genuine issue of material fact falls upon the moving party. See Adler v Wal-Mart

Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998). However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 322-23; Adler, 144 F.3d at 671. The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial sufficient to support a verdict for the nonmovant. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All reasonable factual inferences must be drawn in favor of the nonmoving party. Seamons v Snow, 206 F.3d 1021, 1026 (10th Cir. 2000); Curtis v Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998). However, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. Bausman v Interstate Brands Corp., 252 F.3d 1111 (10th cir. 2001). Arguments and contentions of counsel in response to a motion for summary judgment are insufficient to raise an issue of material fact. Fritzscke v. Albuquerque Municipal School District, 194 F.Supp.2d 1194, 1206 (D.N.M. 2002).

**DISCUSSION**

I. COUNT IV: VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE NEW MEXICO STATE CONSTITUTION BY THE CITY OF ALBUQUERQUE AND THE COUNTY OF BERNALILLO

Plaintiff's response makes a representation to this Court that Plaintiff is dismissing the counts related to the alleged violations of the Constitution of the State of New Mexico. The Court notes that Plaintiff has not filed an amended complaint as she represented in her response. The Court, however, will hold Plaintiff to her representation that the Count alleging a deprivation of rights secured by the Constitution of the State of New Mexico is no longer at issue in this case. Therefore, the Court will grant summary judgment to the City on this claim. Because Plaintiff's

representation is that this entire count was to be dismissed, the Court will also sua sponte grant summary judgment to Defendant County of Bernalillo on this claim.

II.   COUNT II:  VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION BY THE CITY OF ALBUQUERQUE AND THE COUNTY OF BERNALILLO

Defendant City of Albuquerque argues that, to the extent this claim regards the allegations that Plaintiff was denied proper medical treatment, the City is entitled to summary judgment. Defendant City first argues that it is entitled to summary judgment on this issue because Plaintiff cannot show that she was denied access to medical care to a degree that rises to the level of a constitutional deprivation.  However, the Court need not address this argument in light of Defendant's second argument that it cannot be held liable under Section 1983 for the violation of Plaintiff's constitutional rights because Plaintiff cannot show that the City was directly involved in the violation or that a policy or custom of the City led to the violation.

Liability against a municipality under a theory of respondeat superior is not available for claims brought pursuant to Section 1983.  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-92 (1978).  A municipality can be held liable under Section 1983 only for its own unconstitutional or illegal policies, and not for the tortious acts of its employees.  Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998).  In order to succeed on a claim advancing municipal liability under Section 1983, Plaintiff must show the existence of a municipal custom or policy and a direct causal link between the custom or policy and the violation alleged.  City of Canton v. Harris, 489 U.S. 378, 385 (1989).  A municipality is liable only when the official policy is the "moving force" behind the injury alleged.  Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).

When a plaintiff contends that the alleged custom or policy amounted to a failure to act, e.g., failure to train or failure to supervise, the plaintiff must also demonstrate that the municipality's inaction resulted from "deliberate indifference" to the plaintiff's rights. Harris, 489 U.S. at 389. To establish the requisite deliberate indifference, the plaintiff must show that the municipality had actual or constructive notice that its failure to act was substantially certain to result in a constitutional violation, and that the municipality consciously or deliberately chose to disregard the risk of harm. Pulsipher, 143 F.3d at 1307. This type of notice may be shown by proving the existence of a pattern of tortious conduct. Id.

Plaintiff's response to Defendant's motion correctly states that a plaintiff may establish municipal liability through proof of an existing municipal custom. Plaintiff's response also correctly points out that a showing of a pattern of previous similar violations by BCDC regarding a lack of medical care and a lack of disciplinary measures taken by the Defendant City in response to these prior violations could be sufficient to overcome a motion for summary judgment such as this one. However, Plaintiff does not provide any such proof but only argues that such proof could theoretically show a municipal custom. As noted above, arguments of counsel are insufficient to raise an issue of fact. Plaintiff was obligated to present the proof that she asserts would be sufficient to show a municipal custom that would give rise to municipal liability in this case. Plaintiff has not met her burden of showing the existence of a genuine issue as to the liability of the City for any alleged constitutional violation with regard to Plaintiff's medical care during her detention. The City is thus entitled to summary judgment on this issue.

While the Defendant County of Bernalillo has not joined in this motion, the Court notes *sua sponte* that the County's liability under Section 1983 is coextensive with the City Defendant's

liability for the same issues. See Amended Complaint ¶¶ 10, 25-31, 46-48. Therefore, the County of Bernalillo is also entitled to summary judgment on this issue.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant City of Albuquerque's Motion for Summary Judgment on Medical Issues [Docket No. 110] is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Count IV of the Amended Complaint filed March 14, 2002 [Docket No. 73] is DISMISSED WITH PREJUDICE as to both Defendant City of Albuquerque and Defendant County of Bernalillo based on representations by Plaintiff's counsel in Docket No. 112.

IT IS FURTHER ORDERED that summary judgment on the issue of Defendant County of Bernalillo's liability under 42 U.S.C. § 1983 for Plaintiff's claims in Count II related to medical issues is ENTERED *sua sponte*.

IT IS FINALLY ORDERED that Defendant County of Bernalillo's Motion for Summary Judgment [Docket No. 56] is hereby DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE