# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MAUREEN PATTERSON-MONTGOMERY,

    Plaintiff,

v.                                                No. CIV 01-0444 WJ/DJS

CITY OF ALBUQUERQUE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NO. V

THIS MATTER comes before the Court pursuant to Defendant Lehocky's Motion for Partial Summary Judgment No. V: Dismissal of Plaintiff's Fourth Amendment Illegal Search and Seizure Claim Based on the Bar Imposed by <u>Heck v. Humphrey</u> [Docket No. 101]. For the reasons stated below, the Court shall deny this motion.

## BACKGROUND

Plaintiff alleges that on April 25, 2000, she was bitten by Bart, a police service dog handled by Officer Lehocky. Police officers entered Plaintiff's apartment without a warrant. Bart was sent to search for persons within the apartment. Bart located Plaintiff and another individual in a bathroom, in a bathtub behind a shower curtain. Plaintiff was bitten by the dog. Based on this incident, Plaintiff was charged then indicted by the State of New Mexico for trafficking

methamphetamine and conspiracy to commit trafficking.[1] Plaintiff ultimately pleaded no contest to a charge of conspiracy to commit trafficking.

Plaintiff filed this Section 1983 claim alleging in Count I that her rights under the Fourth and Fourteenth Amendment of the United States Constitution were violated by Officer Lehocky. She alleges in Count V that her Fourth and Fourteenth Amendment right to be free from unlawful search and seizure were violated by the City of Albuquerque when officers entered Plaintiff's apartment without a warrant.

Defendant Lehocky filed the present motion. He argues that the Search and Seizure claim should be dismissed. He did not file the motion in his official capacity, but prays for an award of attorney's fees for City Defendants. This Court will assume for purposes of this motion that Defendant Lehocky is raising the City's rights in his official capacity. The Court will also assume that Defendant Lehocky is seeking a dismissal of Count I in his individual capacity.

Count I is a broad and general allegation that could support several claims including a claim for unlawful arrest, unlawful search, or excessive force. Count V very specifically alleges that the City is being sued for unlawful search and seizure in violation of the Fourth and Fourteenth Amendment.

**DISCUSSION**

Defendant Lehocky argues that Heck v. Humphrey, 512 U.S. 477 (1994) bars Plaintiff's claims under the Fourth and Fourteenth Amendments to the United States Constitution because Plaintiff pleaded guilty to a criminal charge arising from the incident at issue in this case, that

---

[1]The record in this case does not indicate what was found in Plaintiff's apartment that led to the charges in state court for trafficking and conspiracy to commit trafficking, but the Court assumes that some type of substance or paraphernalia was found that supported these charges.

2

conviction has not been successfully overturned or invalidated, and a finding in this case that Officer Lehocky violated Plaintiff's Fourth and Fourteenth Amendment rights would challenge the validity of Plaintiff's conviction. Defendant's reading of Heck is overly broad.

The Court in Heck found that "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. However, the Court added that "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id. In a footnote, the Court provided the example that a suit for damages for an allegedly unlawful search may lie even if the challenged search provided evidence that was used to support the state conviction. Id. at 487, n.7. The Court reasoned that doctrines of independent source, inevitable discovery, and harmless error could allow a Plaintiff to recover for an unlawful search and seizure without implying that the underlying conviction was invalid. Id.

The Tenth Circuit has addressed this issue in several opinions. In Martinez v. City of Albuquerque, 184 F.3d 1123 (10th Cir. 1999), plaintiff Martinez was arrested for soliciting a prostitute. During the arrest, Martinez attempted to flee in his car and a chase ensued. Martinez finally stopped, rolled down his window, and gripped his steering wheel with both hands. Martinez refused to get out of his car. An officer reached into the car, and Martinez rolled up his window with the officers arm trapped inside the car. Another officer struck Martinez in the face then rolled down the window to release his fellow officer. Martinez was found guilty of resisting arrest. Meanwhile, Martinez filed a Section 1983 claim in federal court for the use of excessive

force. The court below dismissed Martinez' Section 1983 claim in accordance with Heck. The Tenth Circuit reversed the district court's judgment. Id. at 1125. The Tenth Circuit held that a Section 1983 litigant would not necessarily have to negate an element of his or her criminal conviction in order to prevail on an excessive force claim. Id. The Court found that, to the extent Martinez' Section 1983 action did not challenge the lawfulness of his arrest, Martinez' claim was not barred under Heck. Id. Similarly, in Beck v. City of Muskogee Police Department, 195 F.3d 553 (10th Cir. 1999), the Tenth Circuit found that Heck did not bar Beck from pursuing a Section 1983 claim for illegal search and seizure. Id. at 557-558. The Court stated that these claims did not negate an element of Beck's underlying conviction. Id.

This Court has found only one Tenth Circuit opinion that has departed from Beck and Martinez. In Brown v. Fettke, 2001 WL 237302, No. 00-3084 (10th Cir. March 9, 2001) (unpublished opinion), the Tenth Circuit found that plaintiff Brown's Section 1983 claim for unlawful search and seizure was barred under Heck. In that case, police had stopped a third party for a traffic violation. The party did not have his driver's license with him, and police permitted him to go home to get his wallet. Police followed this third party to his residence which was also the residence of Brown. Police entered the house with the third party and noticed drugs in the house. Brown was arrested along with the other person. Brown was convicted for the drugs. Brown then filed a Section 1983 claim for damages alleging an unlawful entry of his home. The Tenth Circuit found that a finding in the Section 1983 case would necessarily call into question the validity of Brown's conviction.

While the Tenth Circuit did not go into any lengthy explanation for why Brown was treated differently from Martinez and Beck, this Court believes the reasons are fairly obvious.

4

Heck precludes a person from collaterally attacking the validity of their convictions through a Section 1983 claim. The Court in Heck specifically stated that the doctrines of independent source, inevitable discovery, and harmless error would permit a Section 1983 claim for an unlawful search and seizure because a finding that a search was unlawful would not necessarily invalidate a conviction. In Brown's case, however, none of these doctrines could be applied. The contact between Brown and the police was coincidental. Therefore, there could have been no independent source or inevitable discovery. Because the only evidence supporting Brown's conviction was obtained during the search, the harmless error doctrine also could not salvage the validity of the conviction if there had been a finding that the search was unlawful.

Here, to the extent Plaintiff's claim in Count I is for an excessive use of force, there is no question that Heck does not apply and the claim may proceed. With regard to any claim for an unlawful arrest in Count I, Plaintiff's Response brief represents that she is not claiming that her arrest was unlawful. Plaintiff will be held to this representation.

With regard to any claim against Lehocky in Count I and the claim against the City in Count V for unlawful entry of Plaintiff's apartment without a warrant, these claims may also proceed. Similar to the facts of Brown, the only evidence of which this Court is aware that supports Plaintiff's criminal conviction is the evidence found during the warrantless search of Plaintiff's apartment. However, Plaintiff's contact with police in this case was not coincidental. This case is thus more analogous to Martinez and Beck. Because of the doctrines of inevitable discovery and independent source, a finding in this case that entry of Plaintiff's apartment without a warrant was unlawful would not necessarily invalidate Plaintiff's conviction.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Lehocky's Motion for Partial Summary Judgment No. V: Dismissal of Plaintiff's Fourth Amendment Illegal Search and Seizure Claim Based on the Bar Imposed by Heck v. Humphrey [Docket No. 101] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE